Lester SCHROEDER and Viola
Schroeder, Plaintiffs–
Appellants,

v.

BARTH, INCORPORATED,
Defendant–Appellee.

No. 91–1868.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 12, 1992.

Decided July 24, 1992.

Robert J. Palmer (argued), E. Spencer Walton, Jr., and Wendell Walsh, May, Oberfell & Lorber, South Bend, Ind., for plaintiffs–appellants.

David R. Kibbe, Barnes & Thornburg; and John T. Mulvihill (argued), South Bend, Ind., for defendant-appellee.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

BAUER, Chief Judge.

Lester and Viola Schroeder, an elderly couple, wanted nothing more than a reliable, comfortable motor home to provide them with transportation and housing on their leisurely travels around the country. With that in mind, on March 13, 1981, they bought a 1981 Barth MCC Model 35 motor home from Motor Vacations Unlimited, of Elgin, Illinois, for $146,705.00. The Schroeders took delivery of the vehicle in July 1981. It came with a manufacturer's one year limited warranty. Barely 2,600 miles and five months later, on December 3, 1981, Lester Schroeder wrote a letter to Charles Dolan of Motor Vacations Unlimited cataloguing sixty-one separate problems he had experienced with the motor home since taking delivery. Dolan sent a copy of the letter and list to Richard Bibler, Assistant to the President of Barth, Incorporated ("Barth"), the manufacturer. Bibler, on June 24, 1982, wrote to Schroeder to inform him that Barth would extend its warranty to January 27, 1983. The Schroeders continued to experience a multitude of prob-

lems with the motor home, however, well beyond the extended warranty date. Lester attempted to remedy some of the problems himself. On some occasions he sought the assistance of others, Barth included. But the motor home never operated to the Schroeders' satisfaction, so they gave up trying to get it repaired.

On March 7, 1985, the Schroeders, citizens of Florida, filed a complaint against Barth, an Indiana corporation, in the United States District Court for the Northern District of Indiana. Based on the Magnuson–Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), and 29 U.S.C. §§ 1332 and 1337, the complaint alleges breach of express and implied warranties, and breach of contract. On their breach of warranty claims, the Schroeders pray for judgment "in the amount of One Hundred Forty–Six Thousand Seven Hundred Five Dollars ($146,705); reasonable attorneys' fees; interest from the date of payment; expenses reasonably incurred by the plaintiffs; costs of this action; and all other just and proper relief in the premises." Complaint, Record Document ("Rec. Doc.") No. 1, at 3 & 5. On May 21, 1986, Barth filed a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6). The motion contended that the Schroeders' claims were fatally defective for lack of privity because the Schroeders bought the motor home from Motor Vacations Unlimited of Elgin, Illinois, and were time-barred as well. Barth filed a second motion to dismiss under Rule 12(b)(1) on June 15, 1986, asserting that the Schroeders' claims failed to meet the jurisdictional amount required by 15 U.S.C. § 2310 and 28 U.S.C. § 1337.[1]

The district court, in its January 5, 1987, Memorandum and Order, agreed with Barth that privity is an essential element to recovery under Indiana law for breach of implied warranty. As a consequence, the court noted, any claims the Schroeders have against Barth for breach of implied warranty must sound in tort. Indiana's statute of limitations for tort breach of warranty actions is two years. IND.CODE § 34-1-2-2. Because the Schroeders filed their claim for breach of implied warranty almost four years after it accrued, the court dismissed it as time-barred. Further, the court granted Barth's motion to dismiss the Schroeders' breach of contract claim, also for lack of privity. But it denied the motion as to their claim for breach of express warranty. Finally, it deferred ruling on Barth's motion to dismiss for want of subject matter jurisdiction in order to allow the Schroeders more time to submit information concerning the sufficiency of the amount in controversy.

The only further information the Schroeders provided the court regarding the amount in controversy was the affidavit of Lester, wherein he recounted many of the problems he had experienced with the motor home, and stated, "Since I took delivery of [the motor home] in July 1981, the 1981 Barth MCC Model 35 Motor Home has been worthless to me and to my wife; the motor home has had absolutely no value whatsoever." Affidavit of Lester J. Schroeder, Rec. Doc. No. 19, at 4. Barth then filed an additional memorandum in support of its 12(b)(1) motion, appending thereto the affidavit of Richard A. Bibler attesting to the cost to repair the Barth-warranted defects alleged by the Schroeders. The court, however, denied Barth's 12(b)(1) motion.

After the case was set for trial, the Schroeders moved for a continuance for additional time within which to locate an expert to support their theory of damages. The motion was granted. The Schroeders then hired Dr. Thomas A. Natiello to render an expert opinion as to the value of the motor home. Barth objected to Natiello on the grounds that he is a health care specialist with no experience or training in the valuation of motor homes, and renewed its motion to dismiss for lack of subject matter jurisdiction because the Schroeders failed to establish the $50,000 jurisdictional

---

**1.** Federal courts have jurisdiction over Magnuson–Moss claims only if (1) each individual plaintiff has a claim of at least $25, (2) the amount in controversy aggregates $50,000, (c) and, if the cause is a class action, at least 100 plaintiffs comprise the class. 15 U.S.C. § 2310(d)(3).

amount. In reply, the Schroeders relied on both Natiello's valuation of the motor home and Lester's affidavit. In its Memorandum and Order of January 8, 1991, the court sustained Barth's objection to Natiello's testimony for lack of the expert qualifications necessary to state an opinion as to the market value of motor homes, and because Natiello's opinion failed to address any proper measure of damages for breach of warranty.[2] It further ruled that Lester Schroeder's testimony regarding the value of the motor home was sufficient to withstand Barth's 12(b)(1) motion to establish federal jurisdiction. Thus, at a status conference on January 25, 1991, the case was set for trial.

At the suggestion of the district court, Barth then filed a motion for summary judgment seeking to limit the Schroeders' damages to $2,211.25, the cost averred in the Bibler affidavit to repair the Barth-warranted defects. Barth contended that the Schroeders wholly failed to present evidence to allow them to carry their burden at trial. The court agreed. In open court, on March 15, 1991, nearly ten years after the Schroeders purchased the motor home, the court granted Barth's motion for summary judgment on damages, and entered judgment for the Schroeders in the amount of $2,113 plus costs.[3]

The Schroeders filed a timely notice of appeal. They argue that the district court erred in ruling that there was no genuine issue of material fact regarding the value of the motor home and the measure of damages, and in failing to award them either incidental or consequential damages. We affirm.

To succeed on a motion for summary judgment, the movant bears the burden to identify for the court, from among all the material of record, which includes the pleadings and affidavits on file, the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Once the movant has made a properly supported motion, the nonmovant has the responsibility of going forward beyond the pleadings and setting forth specific facts demonstrating the existence of a genuine issue of fact for trial. A material fact must be "outcome determinative under the governing law." The fact is genuinely disputed when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Thus, the nonmovant must produce proper documentary evidence to support his contentions.

*Whetstine v. Gates Rubber Co.*, 895 F.2d 388, 392 (7th Cir.1990) (citations omitted). This court reviews *de novo* a district court's grant of summary judgment, drawing all reasonable inferences in favor of the nonmoving party. *Id.*

Because there is no dispute that a breach of Barth's express warranty occurred, and that the Schroeders sustained damages as a result of that breach, the only issue is the amount of those damages. Indiana's Uniform Commercial Code provides that the appropriate measure of damages for breach of an express warranty "is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." IND.CODE § 26–1–2–714(2). The alternative methods to calculate those damages, set out in *Michiana Mack, Inc. v. Allendale Rural Fire Protection District*, 428 N.E.2d 1367 (Ind.App. 1981), are (1) the cost to repair, (2) the fair market value of the goods as warranted less the salvage value of the goods, or (3) the fair market value of the goods as warranted at the time of acceptance less the

---

**2.** In stark contrast to the Schroeders' insistence that it was valueless, had Natiello been permitted to testify he would have offered that the value of the motor home to the Schroeders in September 1990 (when he did his valuation) was $37,500. *See* Plaintiffs' Memorandum in Opposition to Second Motion to Dismiss, Rec. Doc. 41, at 3.

**3.** The record fails to explain the discrepancy between the judgment entered in the Schroeders' favor, $2,113, and the cost to repair contained in the Bibler affidavit upon which the judgment was based, $2,211.25.

fair market value of the goods as received at the time of acceptance. *Id.* at 1370. It is the Schroeders' burden to prove the amount of their damages, and theirs alone. "It is not the function of the trial court to fashion equitable remedies to relieve [them] of that burden." *Id.* at 1371.

Nowhere in the two-inch thick record of the seven years of proceedings below do the Schroeders indicate under which of *Michiana Mack's* alternative methods they calculate their damages. They simply, adamantly, insist their damages are $146,705, which coincidentally is the price of the motor home. Unfortunately for the Schroeders, however, recapture of the purchase price is not an available remedy under section 26–1–2–714(2). It is appropriate only when the buyer has rejected the goods or revoked acceptance. *Michiana Mack*, 428 N.E.2d at 1372. And despite repeated opportunities to offer more, the only evidence of damages they proffered was Lester Schroeder's subjective opinion that the motor home was worthless.

In its memorandum in support of its motion for summary judgment, Barth argued that although the cost to repair is not the only method to calculate breach of express warranty damages, it is the preferred method. More importantly, as Barth pointed out, it was the only method for which there was supporting evidence. That evidence, provided in the affidavit of Barth's Assistant to the President, Richard Bibler, was an itemized list of the Barth-warranted components of the motor home the Schroeders claimed were defective. Bibler gave a dollar figure, based on personal knowledge, for each item, "with a generous time allowance for each repair, at a retail labor rate of $35.00 per hour and, where applicable, a part or parts at retail price." Bibler Affidavit, Exhibit A to Defendant's Memorandum in Support of its Motion for Summary Judgment, Rec. Doc. No. 48, at 2 & 3. Contrary to the Schroeders' contention, Barth met its burden to identify for the court the absence of any genuine issue of

material fact: it admitted liability, it admitted the Schroeders sustained damages, and using the preferred method, it provided the court with sufficient evidence to calculate those damages.

So the burden shifted to the Schroeders. "When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). But once again, in their response to Barth's motion, the Schroeders offered only Lester's affidavit and argued that the owner of a motor home is competent to testify as to its value. In their statement of genuine issues of fact, the Schroeders offered that "Mr. Bibler may be entitled to his opinion that the Schroeders' damages are limited to the cost of repair, which he claims to be $2,211.25. Mr. and Mrs. Schroeder have their own opinion. The motor home was worthless." Plaintiffs' Statement of Genuine Issues, Rec. Doc. No. 51, at 2. The problem with this response is that it offers only subjective opinion, not the kind of documentary evidence that *Whetstine* contemplates.

Although Lester's opinion may be competent evidence of the value of the motor home to the Schroeders, it is not sufficient to meet their burden of proving damages under any of *Michiana Mack's* alternative methods. To survive a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). When the record in this case is viewed in the light most favorable to the Schroeders, including all reasonable inferences that can be drawn therefrom, the only possible conclusion is that the motor home simply is valueless to them.[4] But the

4. "[A]s a general rule, defective goods will normally have at least scrap value." *Michiana Mack*, 428 N.E.2d at 1371. At oral argument, counsel for the Schroeders conceded that the motor home, at a minimum, does have salvage value.

Schroeders' response to Barth's motion for summary judgment, which included Lester's affidavit, fails to create a genuine issue of material fact. As a consequence, summary judgment in Barth's favor on the issue of damages was appropriate.

Moreover, fixing damages at the cost to repair also was appropriate. The Schroeders wholly failed to meet their burden to establish their damages, under any one of *Michiana Mack's* alternative methods, and as we noted above, a trial court will not relieve them of that burden. As odd as it may be, Barth provided the only evidence of damages in the record, and that is the cost to repair.

■ The Schroeders also argue that the district court erred in failing to award them incidental and consequential damages. Ever since *Hadley v. Baxendale*,[5] courts have allowed recovery in breach of contract actions for all damages that were reasonably foreseeable to the parties at the time of contract formation. Indiana's courts are among them. *See, e.g., Indiana Ins. Co. v. Plummer Power Mower*, 590 N.E.2d 1085 (Ind.App.1992). In their complaint, in addition to the $146,705 damages, the Schroeders asked for "expenses reasonably incurred." But as with their breach of warranty damages, they fail to prove exactly what expenses they reasonably incurred in connection with the defective Barth-warranted components of the motor home. The only evidence they offer is contained in a letter from Lester to Charles Dolan of Motor Vacations Unlimited. In it, Lester says:

> We signed the contract in March, took delivery in July and still can't use it. My insurance costs me $150.00 a month, telephone calls mount up and I am doing a lot of this work myself, and communications are not getting the job done.
> Have already made one trip to Globe, 250 miles. Next trip they want me to leave the vehicle for a week, that's another 250 miles. To stay in a motel gets to [sic] expensive, will have to drive a car up and

back, that's another 250 miles. Then the return trip to pick up the motor home will be another 250 miles and then will the work be done that time. It is 1200 miles to the factory, these trips to Globe come to 1000 miles. Why don't [sic] the factory pay for fuel and let this vehicle get the repairs it needs at the factory. And yet it had been at the factory for about 3 weeks the last time and the work still was not finished and had to wait.

Exhibit C to Affidavit of Lester Schroeder, Rec. Doc. No. 19, at 1. These statements are wholly insufficient for the Schroeders to carry their burden of establishing their damages as a consequence of, and incidental to, defects of the Barth-warranted components.

For the foregoing reasons, the judgment of the district court is

Affirmed.

---

**5.** The case, 9 Ex. 341, 156 Eng.Rep. 145 (1854), not the screen actor, whose credits include *Be-* *hind the Green Door.*