**Mary DELONG, Plaintiff,**

v.

**LOCAL UNION 1111 UAW RETIREES & Walter Berry, Defendants.**

**No. 1:04–CV–821–RLY–WTL.**

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 10, 2004.

Reconsideration denied Nov. 24, 2004.

Mary DeLong, Indianapolis, IN, Pro se.

Barry A. Macey, Kimberly Denise Jeselskis, Macey Swanson and Allman, Indianapolis, IN, for Defendants.

### Entry Discussing Motion for Summary Judgment

YOUNG, District Judge.

Mary DeLong ("DeLong") brings this action for damages and to regain her membership in the retiree chapter of her husband's union. The defendants seek to resolve DeLong's claim through the entry of summary judgment.

For the reasons explained in this Entry, the motion for summary judgment must be **granted.**

### I. Summary Judgment Standard

Pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure,* a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

A moving party, in this case the defendants, initially have the burden of showing the absence of any genuine issue of material fact in the evidence of record. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Schroeder v.*

*Barth, Inc.*, 969 F.2d 421, 423 (7th Cir. 1992). It does so by identifying "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). "The court should neither 'look the other way' to ignore genuine issues of material fact, nor 'strain to find' material fact issues where there are none ...." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1363–64 (7th Cir.1988)(quoting *Beard v. Whitley County, REMC*, 840 F.2d 405, 409–10 (7th Cir. 1988)).

■ In order for the party opposing summary judgment "to avoid summary judgment that party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir.1995). The opposing party must "go beyond the pleadings" and set forth specific facts to show that a genuine issue exists. *See Hong v. Children's Mem. Hosp.*, 993 F.2d 1257, 1261 (7th Cir.1993), *cert. denied*, 511 U.S. 1005, 114 S.Ct. 1372, 128 L.Ed.2d 48 (1994). This burden cannot be met with conclusory statements or speculation, *see Weihaupt v. American Med. Ass'n*, 874 F.2d 419, 428 (7th Cir.1989), but only with appropriate citations to relevant admissible evidence. *See* Local Rule 56.1; *Brasic v. Heinemann's Inc., Bakeries*, 121 F.3d 281 (7th Cir.1997). If the non-moving party fails to establish the existence of an element essential to her case, one on which she would bear the burden of proof at trial, summary judgment must be granted to the moving party. *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 251 (7th Cir.1995).

If no genuine issue of material fact exists, the sole question is whether the moving party is entitled to judgment as a matter of law. *Miranda v. Wisconsin Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir.1996).

■ DeLong has proceeded in this action without counsel. In assessing the various matters which are pending, the court applies the rule that the pleadings of *pro se* plaintiffs must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993) (citing *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir.1992), *cert. denied*, 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993) (pro se litigant not held to the same standards as litigants aided by counsel)). However, a different set of rules for such litigants is not permitted. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994).

■ When summary judgment is sought against a *pro se* litigant in this Circuit, the litigant is entitled to be meaningfully apprized of the nature of the motion, of the proper manner in which to respond and of the consequences of failing to respond. *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The necessary notice was issued in this case. DeLong has opposed the defendants' motion with evidentiary material.

## II.  Background

On the basis of the pleadings and the record, the court makes the following findings of fact. These findings of fact constitute those as to which there is no genuine issue between the parties, or if such an issue exists, represent the version most favorable to DeLong. However, it is relevant here to underscore that "our indulgence extends no further than the record before us," *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 505 (7th Cir.1998), and conclusory allegations will not suffice.

*Fisher v. Wayne Dalton Corp.,* 139 F.3d 1137, 1140 (7th Cir.1998).

1. Defendant United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Local Union 1111 (hereinafter, the "Union") has established a Retired Workers Chapter of the Union ("Retired Workers Chapter").

2. Defendant Walter Berry is the Chairperson for the Retired Workers Chapter, a position which he has held at all times relevant to this case. His duties as Chairperson include chairing membership meetings, overseeing retiree events, maintaining the treasury, and assisting the membership.

3. The governing body of the Retired Workers Chapter is the Chapter Executive Board.

4. The Retired Workers Chapter consists of Union members who retired from the Visteon plant, formerly the Ford plant, in Indianapolis. There are approximately 2050 retiree members in the Retired Workers Chapter.

5. The Retired Workers Chapter holds a monthly lunch meeting and oversees several trips throughout the year.

6. The Constitution of the Union sets forth the rights of the Union members and retirees. Article 55 of the Union's Constitution provides, in relevant part:

Section 1. Local Union Retired Workers Chapters. (a) A Local Union having twenty-five (25) retired members or more shall establish a Local Union Retired Workers Chapter which shall hold a regular general membership meeting at least once a month.

. . . . .

Section 5. Membership and Dues. (a) Membership in the Retired Workers bodies provided for in the Article is open to any member entitled to retired membership status, as provided in Article 6, Section 19 of this Constitution. Members are eligible for full participation in such Retired Workers bodies.

. . . . .

Section 7. Associate Status. The spouse or surviving spouse of any retired member may request and receive associate status in a Local Union Retired Workers Chapter, with full rights of participation in its activities. Such associate, however, shall not have the rights of a member of the Local Union as set out in Article—"Membership," nor those described in Article 6, Section 19 which address retired UAW members . . .

7. Article 6 of the Union's Constitution discusses membership and provides, in relevant part:

Section 19. Any member in good standing who is retired, shall be entitled to a "retired membership status" which, without being required to pay membership dues during the period of such retirement, shall entitle him/her to all of the privileges of membership except the right to vote in elections . . .

8. The Union has developed Administrative Procedures, which further describe the associate status created in Article 55, Section 7 of the Union's Constitution. Paragraph 1 of the Administrative Procedures states:

(1) The spouse or surviving spouse of a retired UAW member in good standing may apply for and receive Associate Status in a Local Union Retired Workers Chapter or Council, with the right to participate in its activities to the extent specified in these Administrative Procedures. Such Associate Status will not and does not grant such spouse or surviving spouse membership rights as set out in Article 6, Section 19 which ad-

dress retired UAW members. To receive Associate Status, the spouse or surviving spouse must file an application for Associate Status with the appropriate Chapter or Council. Subsequent approval, by majority vote, of the Chapter or Council is required.

9. The purpose of allowing spouses of Union retirees to receive associate status with the Retired Workers Chapter is to provide an environment where the Union Retiree and his spouse can participate in Union activities together.

10. The term "spouse" in the UAW Constitution as it is interpreted by Union officials refers to a spouse receiving Associate Status, refers to a spouse who is currently residing with the Union Retiree in a marital relationship.

11. Prior to February 2004, DeLong was an associate member of the Retired Workers Chapter. Her membership was based on her husband's status as a retired Union member.

12. DeLong no longer lives with her husband, Donald DeLong. In May of 2000, Donald DeLong and Mary DeLong entered into a post-Nuptial Agreement. The Delongs did not divorce to ensure that Mary DeLong would retain her health insurance provided through Donald DeLong.

13. Starting in 2003, Berry received complaints from other retirees and the staff of Local Union 1111 that DeLong's behavior was disruptive during events and meetings sponsored by the Retired Workers Chapter.

14. Berry also witnessed DeLong's disruptive behavior during retiree events.

15. On January 21, 2004, the Executive Board met and decided to return DeLong's associate membership dues for the year. The Executive Board sent a letter to DeLong by certified mail, informing her of the decision to refund her Associate Membership dues.

16. The Executive Board met in late February and decided to revoke DeLong's associate membership. Another letter was sent to DeLong, informing her of this decision.

### III. Analysis

DeLong brought this action in Marion County Small Claims Court, claiming damages resulting from the Union's revocation of her membership in the Retired Workers Chapter. The defendants removed the action to this court pursuant to 29 U.S.C. § 185, which provides for federal jurisdiction for suits for violations of union contracts. *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 413, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) ("an application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement").

■ Section 301 of the Labor Management Relations Act ("LMRA") creates a federal cause of action and grants district courts jurisdiction to adjudicate legitimate labor disputes involving breaches of collective bargaining agreements, so that the parties to those agreements have access to civil remedies for breach of contract. *Textile Workers Union of Am. v. Lincoln Mills of Ala.,* 353 U.S. 448, 455, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). In this case, the defendants contend that there is no genuine issue of fact and they are entitled to judgment according to law. They argue that the revocation of DeLong's membership did not violate the UAW Constitution for two reasons: First, DeLong, is not entitled to the limited benefits of an associate member of the Retired Workers Chapter because she no longer can be considered a "spouse" as that term is interpreted by Union officials. Second, because Sec-

tion 7 of the UAW Constitution makes the Associate Member status permissive rather than mandatory a spouse can be expelled at the will of the Retired Workers Chapter.

■ The defendants assert that DeLong, is not entitled to the limited benefits of an associate member of the Retired Workers Chapter because she no longer can be considered a "spouse." According to the record before the court, the purpose of allowing the spouses of Union retirees membership in the Retired Workers Chapter is to provide a setting in which the retired worker and his spouse can participate in social events together, and the term "spouse" refers only to spouses who reside together. The defendants thus argue that divorced and estranged spouses are not eligible for associate membership in the Retired Workers Chapter.

The parties do not dispute that Mary DeLong is the estranged wife of Union Member Donald DeLong. The DeLongs no longer live together and no longer participate in social activities as husband and wife. This being so, Mary DeLong no longer qualifies as a "spouse" as defined by Union officials interpreting the UAW's Constitution. Thus, the revocation of her associate membership did not violate any of Mary DeLong's rights under the UAW Constitution.

■ The defendants next argue that Section 7 of the UAW Constitution makes the Associate Member status permissive rather than automatic or mandatory, and thus, DeLong could be expelled at the will of the Retired Workers Chapter without violating the UAW Constitution. DeLong does not offer any argument to oppose this assertion and this court cannot see any

way in which the defendants (a) violated DeLong's rights under the UAW Constitution, (b) took from May DeLong anything that was due her, or (c) exceeded its authority under the UAW Constitution when the Executive Board revoked DeLong's membership in the Retired Workers Chapter.

DeLong responds to the defendants' motion for summary judgment by disagreeing with many of the facts contained in the affidavits and statements submitted by the defendants. She supports her assertions with letters and other documents. Viewing these facts in the light most favorable to Mary DeLong, that is, assuming that DeLong's version of the disputed facts are true, she still has not demonstrated that she has a right to maintain her membership in the Retired Workers Chapter or that her rights under the UAW Constitution or any federal or state law were violated when the Executive Board of the Retired Workers Chapter of the Union revoked her associate membership. Thus, even assuming that every disputed fact asserted by Mary DeLong is true, the defendants' motion must be granted.[1]

### IV. Conclusion

In light of the reasons and rationale discussed above, the defendants' motion for summary judgment is **granted**. Any request or motion not specifically addressed in this Entry is **denied**.

The costs of this action are assessed against the plaintiff.

**IT IS SO ORDERED.**

### JUDGMENT

The court, having this day made its Entry,

---

1. The defendants also argue that Walter Berry is not a proper defendant in this action, but in light of the decision based on the defendants' other argument, this contention need not be discussed.

**IT IS THEREFORE ADJUDGED AND DECREED** that the defendants' motion for summary judgment is **GRANTED** and that judgment is entered for the defendants and against the plaintiff on her complaint.

The costs of this action are assessed against the plaintiff.

### ENTRY

The plaintiff's filings of November 15 and 16, 2004, are construed together as her motion to alter or amend judgment, timely filed within ten (10) working days from the entry of final judgment on the clerk's docket on November 10, 2004.

Rule 59(e) of the *Federal Rules of Civil Procedure* "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union,* 993 F.2d 595, 599 (7th Cir.1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). The court did not misapprehend the plaintiff's claim, nor did it misapply the law to that claim in light of the pertinent law. Additionally, the court had before it the full evidentiary record submitted by the parties pertaining to the defendants' motion for summary judgment and the court acknowledged the plaintiff's opposition to the motion for summary judgment "with evidentiary material." For these reasons, therefore, the plaintiff's post-judgment motion to alter or amend judgment is denied.

**IT IS SO ORDERED.**